OPINION
On December 3, 1998, appellee, the Holmes County Department of Human Services, filed a complaint for temporary custody of Caroline Ruth Houser born May 12, 1981, Jacob Joshua Houser born September 25, 1987, Jeffrey Jason Houser born August 10, 1989 and Miranda Frances Woods born September 24, 1993, alleging the children to be neglected and dependent. Mother of the children is appellant, Kim Houser. Father of Caroline is Joyce Kilton; father of Jacob is William Beaulieu; father of Jeffrey is David S. Schriver; and father of Miranda is Charles Woods. On December 28, 1998, appellant admitted that all four of her children were dependent and Miranda was also neglected. A dispositional hearing was held on January 28, 1999. By judgment entry filed January 29, 1999, the trial court granted temporary custody of the children to appellee. A case plan was filed with the ultimate goal being reunification. On October 26, 1999, appellee filed a motion for permanent custody. Hearings were held on February 9, February 29 and March 10, 2000. By judgment entry filed June 6, 2000, the trial court terminated parental rights and awarded permanent custody of the children to appellee. Findings of fact and conclusions of law were filed same date. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE SUFFICIENCY OF THE EVIDENCE DID NOT SUPPORT THE TRIAL COURT'S FINDING THAT `DESPITE REASONABLE CASE PLANNING AND DILIGENT EFFORTS BY HCDHS, KIM HOUSER HAS FAILED TO REMEDY THE PROBLEMS WHICH CAUSED THE CHILDREN TO BE REMOVED FROM THE HOME.'
 II THE SUFFICIENCY OF THE EVIDENCE DID NOT SUPPORT THE TRIAL COURT'S FINDING THAT THE CHEMICAL DEPENDENCY OF KIM HOUSER IS `SO SEVERE THAT IT MAKES HER UNABLE TO PROVIDE AN ADEQUATE PERMANENT HOME FOR THESE CHILDREN AT THE PRESENT TIME AND/OR WITHIN ONE YEAR OF THE HEARING ON THE MOTION FOR PERMANENT CUSTODY.'
 III THE SUFFICIENCY OF THE EVIDENCE DID NOT SUPPORT THE TRIAL COURT'S FINDING THAT THESE CHILDREN CANNOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH EITHER PARENT.
 I, II, III
Appellant claims the trial court erred in terminating her parental rights and awarding permanent custody of the children to appellee. Appellant attacks the sufficiency of the evidence as it referred to appellee's reasonable case planning and diligence, appellant's ability to provide a home within one year and the applicability of R.C. 340.15. Because all three issues are intertwined and all relate to the same evidence, we will address them collectively. We note because this case is being heard on the accelerated calender pursuant to App.R. 11.1, "[i]t shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form." App.R. 11.1(E). As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279 . R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows: (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;
(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent. (16) Any other factor the court considers relevant.
R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment;
(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
(5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child.
Appellant agreed to a case plan wherein the primary concern and emphasis was on addressing appellant's problem with alcohol. T. at 25. As a result of evaluations and assessments conducted by Dr. Marianne Bowden and Martha Robb, appellant entered into an inpatient treatment program, Beacon House. T. at 34-35, 158, 309. Appellant was terminated from the program after four months for rule infractions and dishonesty. T. at 34, 78. Once appellant was terminated from the Beacon House program, she could not get readmitted. T. at 34, 159. Several counselors testified that appellant was resistant to admitting her alcoholism. T. at 161, 177, 304-305, 353, 358. Entering the Beacon House program caused appellant to lose her job at Goodwill. T. at 52-53. Appellant remained unemployed until the first hearing and has had limited counseling in an outpatient program. T. at 36, 47, 163-164, 212. During the hearing, appellant admitted to a severe alcohol problem and claimed she stopped drinking for eight months. T. at 25, 39. However, appellant also admitted to three recent documented relapses. T. at 26, 36. In September of 1999 she was cited for open container in a vehicle and recently had three positive urines. T. at 26-27, 109. Appellant's now emancipated daughter, Caroline, testified her mother supplied her with alcohol since she was three years old and two weeks prior to the hearing, appellant purchased beer and drank with her. T. at 120-121, 126-127, 135-136. Appellant's counselors testified they had doubts that appellant could function properly as a parent given her alcoholism. T. at 305, 378. Dr. Bowden described appellant as follows: First being alcohol dependence, um, and then the narcissistic personality disorder and then I indicate that over a long period of time she has developed a very maladaptive way of dealing with her problems, uh, in particularly she's developed an extremely self-centered view of herself to the extent that she often disregards the needs of others, particularly her children, and then, in addition, in an effort to deal with the emotional discomfort and distress that such an extreme personality disorder creates for her, Kim has also developed a long-standing and severe dependence on alcohol.
T. at 309. Having failed to address the primary goal of the case plan, it became impossible to fulfill the other requirements which were geared to reunification. One part of the case plan was to not allow her daughter Caroline to drink and she did not follow this requirement as noted supra. T. at 31, 120-121, 126-127. The home environment prior to removal was chaotic at best. Caroline assumed the mother role (although she is also an alcoholic). T. at 399. The boys, Jacob and Jeffrey, age ten and eleven, assumed the role of protector by hiding any alcohol from their mother. T. at 321-322. The youngest daughter, Miranda, portrayed her mother's drunkenness while playing with her dolls. T. at 319. In the best interest phase of the hearing, it was clear the children were gradually adjusting to the foster/adoptive home of Laureen Davis and had made improvements while in the home. The guardian ad litem, Sharon Hoffman, opined the children could not be returned safely to appellant's home and recommended placement in the Davis home. T. at 401-402. In its findings of fact and conclusions of law filed June 6, 1999, the trial court found the following: Based on the foregoing Findings of Fact which were proved by clear and convincing evidence, the Court finds that despite reasonable case planning and diligent efforts by HCDHS, Kim Houser has failed to remedy the problems which caused the children to be removed from the home. The Court finds the chemical dependency of Kim Houser to be so severe that it makes her unable to provide an adequate permanent home for these children at the present time and/or within one (1) year of the hearing on the Motion for Permanent Custody. The Court also finds that there is no known relative placement available for these children. Finally, the Court finds that these children cannot be placed with either parent within a reasonable time or should not be placed with either parent. Given all of the unrefuted testimony, we find sufficient credible evidence in the record to substantiate this finding. Appellant argues that appellee did not follow the mandates of R.C. 340.15. We note the effective date of said statute was March 18, 1999 and the case plan was adopted on December 28, 1998, prior to the effective date. Appellant's inpatient treatment began in April of 1999 and she was terminated in August of 1999. Appellee's motion for permanent custody was filed on October 26, 1999, less than a year from the filing of the complaint for temporary custody, December 3, 1998. Even though the matter would clearly have to be viewed retroactively to apply sub judice, we find we do not need to address the applicability of the statute. The issue was never raised to the trial court. Because an appellate court need not consider an error which a party could have brought to the attention of the trial court, but did not, this issue is waived upon appeal. State v. Awan (1986), 22 Ohio St.3d 120. In addition, we find the statute to be irrelevant sub judice. Appellee placed appellant in an intensive rehabilitation program for substance abuse. Appellee had appellant evaluated by Dr. Bowden and Ms. Robb. Ms. Robb had been counseling appellant since 1997 and had been the one to recommend inpatient treatment. T. at 347, 355. No reports or on-going evaluations were available because appellant's own actions caused her to be terminated from the Beacon House program. The motion for permanent custody was filed after three positive urines, an arrest for open container and termination from Beacon House. We fail to find, even if the statute is procedural only and not substantive in nature, that appellee violated the terms of the statute. Upon review, we find there was clear and convincing evidence to support the trial court's decision to grant permanent custody of the children to appellee. Assignments of Error I, II and III are denied.
The judgment of the Court of Common Pleas of Holmes County, Ohio, Juvenile Division is hereby affirmed.
 _________ Farmer, J.
Hoffman, P.J. and Edwards, J. concur.